CASE NUMBER 12-14-00211-CV
TRIAL COURT CASE NUMBER 3-42003

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR 23 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

JOHN R. SOARD, PRO SE          TWELFTH COURT OF APPEALS
APPELLANT

V.                             1517 FRONT STREET, SUITE 354

SHEILA SMITH, B. JEFFERY DORAN,
MARY PAGE AND TERRY THORN      TYLER, TEXAS 75702

### MOTION FOR TWELFTH COURT OF APPEALS
### ENFORCE ALL RULES AND PROCEDURES IN THE TEXAS RULES OF COURT

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now John R. Soard, Appellant and will identify for the Court conduct where

the Defendants, the Clerks, a Court Reporter, the attorneys and the acting Judges have refused

to abide by many rules and procedures mandated by SECTION 9. TEXAS RULES OF

PROFESSIONAL CONDUCT.

The Appellant will also identify, with clear and convincing evidence, conduct of

certain people that were in violation of Texas Extortion Laws, Texas Penal Code, Title 7,

Chapter 31, and Texas Perjury Laws, Penal Code, Title 8, Chapter 37.

### EXTORTION, TEXAS PENAL CODE TITLE 7 CHAPTER 31

On or about May 12, 2011, Mary Soard told John Soard that Shelia Smith formed a

group, Sheila Smith, B. Jeffery Doran and Mary Page, that conspired to disallow, as evidence,

the **AGREEMENT IN CONTEMPLATION OF MARRIAGE** and to acquire part of John's property.

**The conspirators took this case from the docket of Judge Mark Calhoon, where it was**

**set for complete resolution and immediately set a hearing by Doran. The case was still on**

**Judge Calhoon's Docket after Doran held a hearing at about 4: 30 pm.**

The Conspirators, likely with the help of the clerk's office, doctored the Records sometime after May 18, 2011.    Reporter's Record signed 7/15/2011 page 30. RR 7/15 pg. 30

The conspirators refused to allow John Soard time to hire an attorney.
RR 7/15/2011, PG 5.

During the hearing on May 18, 2011, the conspirators acting through Conspirator, Judge Doran, in direct violation of the CONSTITUTION OF THE UNITED STATES OF AMERICA and in direct violation of the "AGREEMENT IN CONTEMPLATION OF MARRIAGE" ORDERED:

John to vacate his personal residence at 2201 N. Jackson St in Palestine, TX since 1998 and give full and sole possession to Mary;

Ordered John to pay most of Mary's expenses and pay her $750.00 monthly in support.

Seized Court Control of John's Personal Management Accounts with absolutely no

withdrawal of cash for any reason, without specific authorization by Doran, or Smith.

Investments Value $1, 977,678.88, Cash $377, 564, 14 CR **pg. 112/114**

THIS LEFT THE ALLOCATIONS OF INCOME OF BOTH PARTIES, COMPUTED DIRECTLY FROM THE JUDGE'S ODER; JOHN HAD $37. /MO AND MARY HAD $2,528/MO.
Clerks Record, page 81 Judge swore this was an equitable and necessary distribution!

A complete copy of the "AGREEMENT IN CONTEMPLATION OF MARRIAGE" is shown in the Clerk's Record dated 8/6/2014. CR pg. 95-106.    (CR pg. 95-106)
Property list of John Soard, CR pg., 106. Property list of Mary Page CR pg. 105.    No Spousal Support CR pg. 100 art 17

EXTORTION LETTER, DATED JUNE 30, 2011, SIGNED BY SHEILA SMITH (CR, pg. 81) STATED THAT IF JOHN WOULD GIVE HIS HOUSE AT 2201 NORTH JACKSON STREET TO MARY AND GIVE $10,000.00 OF HIS CASH, FOR THE JUDGE AND LAWYER, HE COULD HAVE CONTROL OF HIS REMAINING CASH AND SECURITIES AND QUIT PAYING MARY'S EXPENSES AND SPOUSAL SUPPORT.

AFTER DORAN RESIGNED ABOUT SEPTEMBER 23, 2011, AND SHELIA SMITH TOLD JOHN THAT NEITHER THORN OR SMITH DID ANYTHING BECAUSE THEY DECIDED TO JUST NEGOIATE THIS CASE, JOHN COULD NOT LIVE ON $37.00 FOR ANOTHER MONTH SO HE WAS FORCED TO SIGN A DEED TO HIS PROPERTY AS A RESOLUTION TO THE EXTORTION BEFORE THE JUDGE EVEN ARRIVED FOR THE HEARING ON OCTOBER 17, 2011!

## THIS IS NOT ONLY EXTORTION BUT SHOULD BE CLASSIFIED AS A FIRST DEGREE FELONY, PUNISHABLE BY FIVE TO NINETY-NINE YEARS IN PRISON

THE COURT STATED John's Rights were not violated because, "Anything that either party owns any interest in or has any access to or any control of would be subject to it (Court Control)." Just above this statement The Court," whether it's specified or not." Reporter's Record signed on 7/15/2011 pg. 10 *Judge saying he had authority to ignore "Agreement in Contemplation of Marriage and Trust.*

THE CONSTITUTION OF THE UNITED STATES SAYS HE DOES NOT HAVE THAT AUTHORITY.

### PERJURY TEXAS PENAL CODE TITLE 8, CHAPTER 37

During the hearing the night of May 18, 2011, Mary Soard and Sheila Smith stated, after they were sworn, Mary Soard had approximately $1,500.00 per month coming in. **RR pg. 17, ln13**

Mary actually had approximately $3,211.00 coming in or available. **DETAILS ATTACHED AS EX II**

During the hearing on October 17, 2011, The Court finally allowed John to tell that Mary and Smith swore under oath that Mary had $1,500.00 coming in. She actually had much more than that! **TEXAS PENAL CODE IDENTIFIES THIS AS PERJURY**

Jeffery Doran said he couldn't address perjury, unless it was in a proper motion and refused to accept supporting documents that John offered him. **REPORTER'S RECORD SIGNED OCTOBER 31, 2011 PAGE 10 THROUGH 14 (ATTACHED AS EXHIBIT IV)**

### CONDUCT BY COURT CLERKS AND ONE COURT REPORTER

The Court Clerks and Misty McAdam's, Court Reporter, have refused to submit the files necessary to file a complete brief.

The Appellant's Designation of Records necessary to file a Brief was filed on the Eighteenth of February, 2014. This document identified the records for all cases necessary to

file the Appellant's Brief. **Clerk's record, page 29.**

By letter dated July 28, 2014, the Appeals Court Clerk notified all Clerks and Reporters that records were due on May 19, 2014, but gave them a two month extension until August 7, 2014 to file the records.

It was noted on 9/1/14, one volume of the clerk's record was filed, but only for Case #3-42003. All records filed before their consolidation into case #3-42003, were ignored.

Court Reporter Waldrip also filed 3 volumes of her Reporter's Records. She cooperated with the Appellant to identify the missing parts and filed the Supplemental Record. This completed her duties in compliance with the **TEXAS RULES OF COURT.**

Finally on November 24, 2014, McAdams filed her reporter's records for Case Number CCL-11-11178.

McAdams promised she would provide a copy to the Appellant as soon as she got an e-mail address. She has ignored several notifications so the Appellant does not know if they the same two volumes furnished to him per his request at the end of each hearing were filed.

Based on the one volume sent by the clerk, a charge of $3.10 is charged for each page. The only reason to refuse or delay sending the files is because someone from the Clerk's office assisted the judge and attorney in changing the cases from the Docket of Judge Mark Calhoon and any investigation would show this.

Misty McAdams is the Official Reporter-Anderson County Court at Law; therefore she Is under direct control of B. Jeffery Doran.

Although the Clerk had filed absolutely nothing on Cases 3-42005, 3-42004, 3-41396 And CCL-11-3178, THE **DISTRICT CLERK SIGNED THAT ALL RECORDS WERE FILED. CR PG 124**

By letter dated January 8, 2015, signed by Katrina McClenny, second page, "This Court

Considers the appellate record in the above styled and numbered case to be complete."

## TEXAS CODE OF JUIDICIAL CONDUCT

**CANNON 1; UPHOLDING THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY**

**CANNON 3; PERFORMING THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY AND DILIGENTLY**

(8)" **A judge shall accord every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard."**

**Neither Judge allowed John Soard to be heard or accepted evidence from him.**

CONDUCT OF B. JEFFERY DORAN

Mary Soard filed her petition for Divorce, Cause Number 3-41396, on March 11, 2011.

This Cause was set for hearing on the docket of Judge Mark Calhoon, Third Court. The

requested distribution for property was to be in accordance with "THE AGREEMENT IN

CONTEMPLATION OF MARRIAGE" made, signed and notarized on January 15, 1993.

On or about May 11, 2011, Attorney Sheila Smith told Mary Soard that she knew a judge

(later, identified as Jeffery Doran) that she could bribe.   Mary would not have to abide by the

"AGREEMENT IN CONTEMPLATION OF MARRIAGE she signed in 1993 and Smith would at

least get John's house in Palestine and enough money from John's separately owned

funds to pay fees and bribe the judge.

On May 11, 2011, Smith filed a petition, cause number CCL-16-13178.   The Cover letter

of this Petition states that John had until June 6, 1911 to retain a lawyer and file an answer. **EX I**

On May 18, 2011, when Smith objected to hearing Cause No. 3-41396, the one ripe for hearing and Doran started on the one just filed. John immediately requested time to get and brief an attorney. Doran denied this request **(RR 7/15/2011 PG 5&6), EX IV** and issued a Temporary

Order, based almost totally on lies by Mary Soard, instructed and coached by Smith, that left John $37.00 per month of his income, to live on and allowed Mary $2,528.00, including spousal Support of $750.00 per month that the Court ordered John to pay.

Doran also ordered John out of his house that had been his permanent residence since about May 1998, and gave sole and complete possession of it to Mary.

Doran signed the Order saying the distribution, ($37.00 to John and $2,528.00 to Mary plus John's house at 2201 N. Jackson St.) to Mary as equitable and necessary. **(RR PG 81)**

Smith told Doran that *John could live his property at Clarksville, AR, 350 miles away from the court with no funds to travel back and forth.*

Doran also ordered both Mary and John to prepare property lists and submit a copy to the Court and opposing party.

John mailed his property list to his Attorney, Terry Thorn on or about June 6, 2011.

John requested Mary's list from Smith on or about September 20, 2011, because Thorn hadn't.

Smith said that Mary didn't prepare one because she and Terry Thorn agreed they would ignore the **TEXAS RULES OF COURT IN THIS CASE AND JUST NEGOTIATE A RESOLUTION.   THE RECORDS AND THORN'S TIME RECORDS SUPPORT SMITH'S STATEMENT.**

Although John had less than a weeks' notice, Doran refused to accept any evidence such as the "Agreement in Contemplation of Marriage" or the "Mary and John R. Soard Revocable Living Trust", both showing the distribution of property from John.

John Sent his property list ordered by the Court to Terry Thorn hired to be his attorney. In reply Sheila Smith sent the extortion letter to John Soard, dated June 30, 2011 saying he could get money to live on by signing his house in Palestine to Mary and giving her $10,000.

The Extortion letter went through Terry Thorn. Thorn said,, "John, you are going to have to pay spousal support until they get your house in Palestine no matter what you do."

John couldn't understand why because he had an insurance check **(paid to him as the sole owner)** for damage done by Mary to his house as well as the cashier's check John used to purchase the house. **CR PG 115**

CONDUCT OF JOE CLAYTON, JUDGE REPLACING THE HONORABLE MARK CALHOON

I don't know how Joe Clayton got on the case. After I was in Palestine for a hearing with Judge Mark Calhoon presiding, I was told by phone that the hearing had been cancelled.

Joe Clayton appeared as judge at the next scheduled hearing. No reason was given for either of the above.

During the hearing on January 9, 2014, Joe Clayton consolidated all Cases into Case No.3-4200, John R. Soard V. Terry Thorn alleging Legal Malpractice during the time he was retained to represent John Soard during, Mary Soard V. John R. Soard.

Case No. 3-42003 was totally different from; NO 3-42004, John Soard V. Sheila Smith for Slander and Fraud; and Case No. 3-42005, John Soard V Sheila Smith, Jeffery Doran and Mary Page for Extortion.

The Court refused to allow John Soard to present any evidence or his opinion. **On page 5 Of the Supplemental Record submitted to The Court of Appeals by Susan A. Waldrip:**

Mr. Soard: "Your honor, does that mean I don't get to tell my opinion on why they shouldn't be consolidated?"

The Court: "They all need to be together simply because there's too much overlap."

**(on page 9,line 20)** Mr. Soard, "Your Honor, so I may be clear, you're going to try all the cases, by jury trial, on May 12 at 10 a.m.; is that correct?

The Court: "This—I don't think this is a jury trial."

Ms. Lenahan: "That's correct, Your Honor, it's not."

Mr. Soard: "I requested a jury trial"

Ms. Lenahan: "Your Honor, no jury fee has been paid."

The Court: There hasn't been a jury fee paid, so it's not on th—"

Mr. Soard, "And if I can—"I have it (holding up the cover letter to jury payment from Robert S.

Davis on 10/11 In my hand." **(EX I letter # 2)**
**Supplemental record Reporter's pg. 9 & 10**

The Court refused to accept the letter from me and sent me down stairs to pay the jury fee.

I went downstairs to the District Clerk's office.    I was gone quite a while because the clerk didn't know what to do since the jury fee had already been paid. Finally she gave me a print out showing the jury fee had been paid.

The Court and Lenahan were not bothered by telling a lie in front of the other lawyers.   They decided the Clerk would refund the fee that had been paid and sent John to pay it again!

When John returned everyone was gone! **(RR Supplemental Record Pg. 10)**

After John became aware from the Reporter, that as soon as John left the courtroom

That Joe Clayton ordered her off the record

I then received a copy of the letter from Elaine Lenahan, Thorn's attorney to the District Clerk saying, "at our last hearing in this case Judge Clayton advised that he is available to hear pretrial motions (Motions for Summary Judgment) on March 17, 19 or 20."

**IT BECAME ABSOLUTELY CLEAR THAT THE JUDGE AND OOPOSING ATTORNEYS HAD NO INTENTIONS OF ALLOWING THESE CAUSES TO BE HEARD BY A JURY. THEY PLANNED THE LIE, "NO JURY FEE HAS BEEN PAID", TO GET JOHN SOARD OUT OF THE COURT ROOM SO THEY COULD COORDINATE "MOTIONS FOR SUMMARY JUDGMENT."**

**THIS STATEMENT IS REINFORCED BY ALL SUMMARY JUDGMENTS BEING SUBMITTED UNDER ONE COVER LETTER.**

THE COURT; "FOR THE BENEFIT OF ALL OF Y'LL, I GOT HERE EARLIER THIS MORNING AND HAVE READ THE MOTIONS FOR JUMMARY JUDGMENT AND THE RESPONSES."
**RR VOLUME 3 OF 3 PG 9 LINE 14.**

**IF THE COURT HAD READ EVERYTHING, WHY DIDN'T HE KNOW THAT FOR 98% OF THE TIME DURING THE PREVIOUS CASE, I HAD TERRY THORN FOR AN ATTORNEY? AND NOT LECTURE ME FOR HALF THE TIME THAT EVERYTHING HAPPENED DURING THIS CASE WAS BECAUSE I DIDN'T HAVE TERRY THORN AS MY ATTORNEY FOR THIS HEARING,**

The court refused to require MARY PAGE TO ANSWER INTERROGATORIES.
**CR PG 26**

### SUMMARY

The trio seizing control of John Soard's property with a value of about $2,000,000.0 then telling him he can have most it back if he will give them $10,000.00 and sign a deed to his house at 2201 North Palestine, TX is a clear and definite case of extortion.

John Soard could not get a fair trial, as demanded by the Constitution of the United States of America, because the Judge refused to accept any evidence and have meetings to

discuss the case.

Joe Clayton clearly was assigned to this case to uphold the extortion, uphold Terry Thorns' refusing to spend about 6 hours **(CR PG 93 &94)** doing office work and a little research work and uphold Smith and Doran agreeing to ignore the TEXAS RULES OF COURT and just negotiate the Case.

The Clerks, and one Reporter have deliberately delayed this appeal for almost a year.

## **PRAYER**

JOHN R. SOARD, the Plaintiff, prays that the Twelfth Court of Appeal that the criminal Allegations for the proper Federal Officials for review and if appropriate for prosecution.

The plaintiff prays that all cases will be returned to the lower court for a jury trial with all Parties being required to abide by the **TEXAS RULES OF COURT.**

Respectfully Submitted,

John R. Soard, Pro Se
38 Delsie Street
Clarksville, Arkansas 72830
479-739-5512

# EXHIBIT I

## LETTERS TRIAL COURT CLERK FAILED TO FILE

LETTER  1  Cover letter  John had until june 6, 2011 to answer

LETTER  2 Cover letter for jury fee paid October 11, 2013

LETTER  3 Cover letter showing discussion of summary jdgments

LETTER  4  Cover letter for all summary judgments

NOTICE OF SETTING FOR JURY TRIAL ON MAY 12, 2014

**JUDGE MARK CALHOON**

1

Cause No. **CCL-11-13178**

| | | |
|---|---|---|
| **THE MATTER OF** | § | COUNTY COURT AT LAW |
| THE MARRIAGE OF | § | |
| MARY ELLEN SOARD | § | OF |
| AND | § | |
| JOHN ROBERT SOARD | § | ANDERSON COUNTY, TEXAS |

TO:        **JOHN ROBERT SOARD**
          **2201 N. JACKSON**
          **PALESTINE, TEXAS 75803**

Defendant- GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the PETITIONER'S FIRST AMENDED PETITION FOR DIVORCE at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable B. Jeffrey Doran,   County Court at Law of Anderson County, at the Courthouse in said County in Palestine, Texas. Said Plaintiff's Petition was filed in court on the 11th day of May, 2011 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at PALESTINE, Texas this 11th day of May, 2011.

JANICE STAPLES
500 NORTH CHURCH STREET-ROOM 18
PALESTINE, TEXAS 75801
ANDERSON County, Texas

By _____
Teresia Coker, Deputy Clerk

Attorney for Plaintiff or Plaintiff:
Sheila Smith
PO Box 10
Frankston TX  75763

Enclosure 3

# THOMPSON COE

Attorneys and Counselors
Thompson, Coe, Cousins & Irons, L.L.P.

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
(214) 871-8200 | Fax: (214) 871-8209

Elaine T. Lenahan
Direct Dial: (214) 871-8221
elenahan@thompsoncoe.com

Austin
Dallas
Houston
Los Angeles
Saint Paul

February 21, 2014

Ms. Janice Staples
District Clerk, Anderson County
500 N. Church St.
Palestine, Texas 75801

Re: Cause No. 3-42003; *John R. Soard v. Terry Thorn, Sheila Smith and Mary Page;* In the 3rd Judicial District Court of Anderson County, Texas.

Dear Ms. Staples:

Enclosed, for filing in the above-referenced matter, are the original and one copy of *Defendant Terry Thorn's Motion for Summary Judgment*. Please file-stamp the copy of the Motion with the date of your receipt and file the original among the other papers in this matter. At our last hearing in this case, Judge Clayton advised that he is available to hear pre-trial motions in this case on March 17, 19 or 20. We **respectfully request that this motion be set for hearing on Thursday, March 20, 2014** at a time available on Judge Clayton's docket. Please complete the FIAT and return it to our office so that I may provide requisite notice of the hearing to all parties. Please return a file-marked copy of the motion in the enclosed envelope.

Thank you in advance for your assistance in this matter. Please give me a call if you have any questions.

Sincerely,

Elaine T. Lenahan

ETL/jam
Enclosures

1974726.v1
09217.042

# THOMPSON COE

Attorneys and Counselors
Thompson, Coe, Cousins & Irons, L.L.P.

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
(214) 871-8200 | Fax: (214) 871-8209

Elaine T. Lenahan
Direct Dial: (214) 871-8221
elenahan@thompsoncoe.com

Austin
Dallas
Houston
Los Angeles
Saint Paul

February 25, 2014

***Via Federal Express***

John R. Soard
Plaintiff Pro Se
38 Delsie St.
Clarksville, AR 72830

      Re:    Cause No. 3-42003; *John R. Soard v. Terry Thorn, Sheila Smith and Mary Page;* In the 3rd Judicial District Court of Anderson County, Texas.

## NOTICE OF HEARING

Dear Mr. Soard:

Please be advised that the following have all been scheduled for hearing before Judge Clayton in the 3rd Judicial District Court, Anderson County, Texas on **Thursday, March 20, 2014 at 10:00 a.m.:**

    (1)    *Defendant Terry Thorn's Motion for Summary Judgment;*
    (2)    *Defendant Sheila Smith's Motion for Summary Judgment;* and,
    (3)    *Defendant Mary Page's Motion for Summary Judgment.*

Sincerely,

Elaine T. Lenahan

ETL:jam

1976105.v1
09217.042

# FLOWERS ✤ DAVIS, P.L.L.C.

**CELIA C. FLOWERS**
CAREN C. COURTNEY
JULIE P. WRIGHT
MICHAEL W. JANECEK
JANE W. JANECEK
MELANIE REYES
ALAN W. TOMME
J. SCOTT MILLER
STEVEN M. MASON
ERIC C. SCHMALBACH
MORGAN M. ELLIOTT
NATASHA L. GRANSBERRY
CATHERINE A. CHESLEY
W. ROBERT KNIGHT, JR.
A. D. (DEAN) CHAPMAN, OF COUNSEL

1021 ESE LOOP 323, SUITE 200
TYLER, TEXAS 75701
MAIN TELEPHONE: (903) 534-8063
FACSIMILE: (903) 534-1650
WWW.FLOWERSDAVIS.COM

LONGVIEW OFFICE:
1516 JUDSON ROAD
LONGVIEW, TEXAS 75601
TELEPHONE: (903) 757-8811
FACSIMILE: (903) 757-8821

DALLAS OFFICE:
BANK OF AMERICA BUILDING
400 SOUTH ZANG BLVD., STE 1400
DALLAS, TEXAS 75208-6648
TELEPHONE: (214) 843-5777

**ROBERT S. DAVIS**
CHAD C. ROOK
DAVID R. IGLESIAS
LEE I. CORREA
THOMAS H. BUCHANAN
J. MITCHELL BEARD
PRESTON W. MCGEE
STUART R. HENE

**IMMIGRATION:**
VIRGINIA D. YOUNG
DONALD ROSS PATTERSON, OF COUNSEL
TELEPHONE: (903) 592-8186

October 11, 2013

**Via Regular Mail**
Janice Staples
Anderson County District Clerk
500 N. Church St., Rm 18
Palestine, Texas 75801

RE:   Civil Action No. 3-42005; *John R. Soard v. Shelia Smith, Judge B. Jeffery Doran, and Mary Page*; In the Third Judicial District Court, Anderson County, Texas

Dear Ms. Staples:

Enclosed please find a check in the amount of $30.00 in payment for the jury fee in the above-referenced matter.

If you have any questions, please do not hesitate to call.

Very truly yours,

Robert S. Davis

RSD/TMG/rlo
cc:   John Soard *(via CM/RRR: 7011 0470 0002 3533 3928)*
       Shelia J. Smith *(via regular mail)*
       Mary Page *(via regular mail)*

JOHN ROBERT SOARD
38 DELSEY
CLARKSVILLE AR  72830

-----------------------------------------------------------------------------------------------------

**ANDERSON COUNTY DISTRICT COURT**
500 N. Church Street, Palestine, TX 75801
JUDGE Mark Calhoon

**NOTICE OF SETTING**

JOHN ROBERT SOARD
38 DELSEY
CLARKSVILLE AR  72830

IN RE: CAUSE NO: 3-42003                              DATE:  January 14, 2014

JOHN SOARD vs. TERRY THORN,SHEILA SMITH,PAGE MARY

TAKE NOTICE that the above style and numbered cause has been set for JURY TRIAL on the 12th day of May, 2014 at 8:30 AM, IN
THE ANDERSON COUNTY COURTHOUSE,  PALESTINE, TEXAS.

Janice Staples
District Clerk, Anderson County

CC: Page Mary; Sheila Smith; Elaine T Lenahan

By: _____

# EXHIBIT 11

MARY PAGE'S ACTUAL INCOME

1

## MARY SOARD & SHEILA SMITH'S PERJURY ON MARY'S INCOME

Sheila Smith & Mary Page STATED under Oath
(page 17 of RR)     Mary had actual income of          $1,500

| | |
|---|---:|
| Listed items add to $1,778 understated | 278 |
| Social Security IS $10.968 per year so understated    (per month) | 106 |
| Items deliberately omitted | |
|     Rent Lemay, Houston | 250 |
|     Rent Acknowledged by Sheila Smith | 350 |
|     Dividends, $2,486    Interest   $1,141 ( Note1) | 302 |
|     Individual Retirement Account    ( Note 2) | 425 |
| | |
| Subtotal    ( Actual Income per Month ) | $3,211 |

## SHEILA SMITH AND MARY PAGE COMMITTED PERJURY BY DELIBERATELY UNDERSTATING MARY'S INCOME AT LEAST $1,711 PER MONTH!

B. Jeffery Doran refused to correct any of the perjury, not even to correct the addition. He said, according to the rules governing him, he could report a crime such as perjury only if he had a formal request.(Page 14 final hearing signed October 31, 2011.)

Note 1:   On page 18 of the Reporter's Record signed July 15, 2011, Sheila Smith told Mary to agree to leave income from her securities deposited in her account (so she could replace it with Spousal support)   **ON PAGE 11 OF RECORD, COURT & SMITH BOTH AGREED THIS WOULD BE IMPROPER.   MARY SHOULD BE REQUIRED TO SPEND HER INCOME BEFORE SHE IS PAID SPOUSAL SUPPORT FOR ANY REASON.**

The amount shown is net because John Soard paid all income tax and insurance from his individual accounts.

Note 2:   **MARY was 70 ½ years OLD so she was REQUIRED TO START WITHDRAWING HER IRA DURING 2011.. THIS WOULD BE ABOUT AN ADDITIONAL $425 Per MONTH; HOWEVER, MARY'S IRA ACCOUNT WAS NOT**

**INCLUDED IN THE FINAL DIVORCE SO SHE MAY HAVE WITHDREW IT ALL, APPROXIELY $100,000.00, DURING THE PERIOD FROM MAY 18, 2011 THROUGH THE FINAL DIVORCE. OR SMITH MAY HAVE LEFT IT COMPLETELY OUT BECAUSE SHE THOUGHT IT WOULD BE SUSPECT TO PUT IN AS COMMUNITY PROPERTY ORDERED TO MARY!**

## EVIDENCE MARY WAS FORCED INTO PERJURY DURING HEARING

Page 17, Reporter's Record, signed July 15, 2011:

Ms. Smith Q.   Okay.    " You have got approximately $1,500 coming in; is that correct?"
Mary   A. "I haven't added it, but if you say so."
Q. " Well, we added it in my office, didn't we"
A. "Yeah."

Q. "So are you asking this Court, just while the temporary is going on, for Mr. Soard to pay you 750 a month spousal support?
A. Mary, knowing she had signed the "Agreement in Contemplation of Marriage" stating, "Neither party will ask for or receive spousal support during or after this marriage."    didn't answer    Ms. Smith screamed at her, "Say yes, you know this is going to aggravate him."
Mary A. "Right."

# FORM SSA-1099 – SOCIAL SECURITY BENEFIT STATEMENT

## 2010
- PART OF YOUR SOCIAL SECURITY BENEFITS SHOWN IN BOX 5 MAY BE TAXABLE INCOME
- SEE THE REVERSE FOR MORE INFORMATION.

| Box 1. Name | Box 2. Beneficiary's Social Security Number |
|---|---|
| MARY P SOARD | 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 |

| Box 3. Benefits Paid in 2010 | Box 4. Benefits Repaid to SSA in 2010 | Box 5. Net Benefits for 2010 (Box 3 minus Box 4) |
|---|---|---|
| $10,806.00 | NONE | $10,806.00 |

### DESCRIPTION OF AMOUNT IN BOX 3

| | |
|---|---|
| Paid by check or direct deposit | $9,648.00 |
| Medicare Part B premiums deducted from your benefits | $1,158.00 |
| Total Additions | $10,806.00 |
| Benefits for 2010 | $10,806.00 |

### DESCRIPTION OF AMOUNT IN BOX 4

NONE

**Box 6. Voluntary Federal Income Tax Withheld**

NONE

**Box 7. Address**

MARY P SOARD
2201 N JACKSON
PALESTINE TX 75803-6613

**Box 8. Claim Number** (Use this number if you need to contact SSA.)

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A

Form SSA-1099-SM (1-2011)          **DO NOT RETURN THIS FORM TO SSA OR IRS**

SOCIAL SECURITY ADMINISTRATION
MID-AMERICA PROGRAM SERVICE CENTER
601 EAST 12TH ST
KANSAS CITY MO 64106-2859

C
M13
1

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
SOCIAL SECURITY
ADMINISTRATION
PERMIT NO. G-11

*Enclosure 4*

**Form 1099**
with Account Summary
Retain for your Records

*1 page*

Page 1
Date Prepared: **January 25, 2011**

**2010**

### Name and Address

ARLES SCHWAB & CO., INC.
11 MAIN STREET
SAN FRANCISCO, CA    94105

Federal ID Number: 94-1737782

### Recipient's Name and Address

20110126-022289-CT26FR6A-SML*1

MARY E PAGE
DESIGNATED BENE PLAN/TOD
2201 N JACKSON
PALESTINE TX          75803



022289

Account Number: 4E 6878-0265       Taxpayer ID Number: ***-**-5774

## Dividends and Distributions - 2010                     Form 1099-DIV

Department of the Treasury-Internal Revenue Service        Copy B for Recipient (OMB No. 1545-0110)

| Box | Description | Amount | Total |
|---|---|---|---|
| 1a | Total Ordinary Dividends (Includes amount shown in box 1b) | $ | $ 2,485.86 |
| 1b | Qualified Dividends | 2,485.86 | |
| 2a | Total Capital Gain Distributions (Includes amount shown in boxes 2b, 2c and 2d) | | 0.00 |
| 2b | Unrecap. Sec. 1250 Gain | 0.00 | |
| 2c | Section 1202 Gain | 0.00 | |
| 2d | Collectibles (28%) Gain | 0.00 | |
| 3 | Nondividend Distributions | | 0.00 |
| 4 | Federal Income Tax Withheld | | 0.00 |
| 5 | Investment Expenses | | 0.00 |
| 6 | Foreign Tax Paid | | 0.00 |
| 8 | Cash Liquidation Distributions | | 0.00 |
| 9 | Noncash Liquidation Distributions | | 0.00 |

## Interest Income - 2010                               Form 1099-INT

Department of the Treasury-Internal Revenue Service        Copy B for Recipient (OMB No. 1545-0112)

| Box | Description | Total |
|---|---|---|
| 1 | Interest Income | $ 3.65 |
| 3 | Interest on U.S. Savings Bonds and Treasury Obligations | 0.00 |
| 4 | Federal Income Tax Withheld | 0.00 |
| 5 | Investment Expenses | 0.00 |
| 6 | Foreign Tax Paid | 0.00 |
| 8 | Tax-Exempt Interest | 1,137.50 |
| 9 | Specified Private Activity Bond Interest | 0.00 |
| 10 | Tax-Exempt Bond CUSIP No. (see instructions) | VARIOUS |

## Miscellaneous Income - 2010                          Form 1099-MISC

Department of the Treasury-Internal Revenue Service        Copy B for Recipient (OMB No. 1545-0115)

| Box | Description | Total |
|---|---|---|
| 2 | Royalties | $ 0.00 |
| 4 | Federal Income Tax Withheld | 0.00 |
| 8 | Substitute Payments in Lieu of Dividends or Interest | 0.00 |

s is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a ligence penalty or other sanction may be imposed on you if this income is taxable and the I.R.S. determines that it has not been orted. If you should have any questions regarding information being reported on this form please call us at 1-800-435-4000.

25-022289-CT26FR6A- 52338

Charles Schwab & Co. Inc. All rights reserved. Member SIPC.  FTA 01316   CES10313P9-11 (01/06)

TX 77706
-7200 EXT. 4325

OMB No. 1545-0___
Interest Income
Form 1099-INT
Copy B
For Recipient
For year 2010

16

Mary Page Soard
2201 N Jackson
Palestine TX 75803

Recipient's
Tax I.D. No.
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

| Account Information | Interest Income | Interest on U.S. Bonds & Treas | Federal Tax Withheld |
|---|---|---|---|
| 1503715 S | 57.99 | | |
| | | | 57.99 |

OX 1 Interest income. . . . . . . . . . . . . . . . . . . . .
OX 2 Early withdrawal penalty . . . . . . . . . . . . . . .
OX 3 Interest on U.S. Savings Bonds and Treas. obligations.
OX 4 Federal income tax withheld. . . . . . . . . . . . . .
OX 5 Investment expenses. . . . . . . . . . . . . . . . . .
OX 6 Foreign Tax paid . . . . . . . . . . . . . . . . . . .
OX 7 Foreign country or U.S. Possession . . . . . . . . . .

OX 8 Tax-exempt interest. . . . . . . . . . . . . . . . . .
OX 9 Specified private activity bond interest . . . . . . .
OX 10 Tax-exempt bond CUSIP no. (see instructions). . . . .

his is important tax information and is being furnished to the
nternal Revenue Service. If you are required to file a return,
negligence penalty or other sanction may be imposed on you if
his income is taxable and the IRS determines that it has not
een reported.
KEEP FOR YOUR RECORDS.)

31/12-CTCN4702-001076-MED-758012811900 105663 *3

MARY E PAGE
2201 N JACKSON
PALESTINE TX          75801-2819



001076

## 2 Statements Enclosed

| Name on Account<br>Account # | Account Type | Starting Value | Ending Value |
|---|---|---|---|
| 1 **MARY E PAGE** | | | |
| 6878-0261 | Rollover IRA | 89,708.06 | 92,193.92 |
| 2 **MARY E PAGE** | | | |
| 6878-0265 | Schwab One Account | 103,492.61 | 102,950.75 |
| | Total | $193,200.67 | $195,144.67 |

This Summary may not include all of your accounts at Schwab and is informational only. See the enclosed individual account statements and their Terms and Conditions.

© 2008 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. (0004-12863; 2002-240) STP25264R1-01

CTCN4702-001076  105663

SIPC



*200001076010109*

# EXHIBIT III

## CONSTITUTION OF THE UNITED STATES OF AMERICA

## WITH RIGHTS OF JOHN R. SOARD VIOLATED

## BY B. JEFFERY DORAN

1

# THE CONSTITUTION OF THE UNITED STATES

**ARTICLE VI** " and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States **and of the several States, shall be bound by Oath or Affirmation to support this Constitution;**

## THE FIRST TEN AMENDMENTS IS KNOWN AS THE "BILL OF RIGHTS"

RIGHTS OF JOHN R. SOARD VIOLATED BY B. JEFFERY DORAN, the Judge who stole Case No.3-41396 already "ripe" for hearing    on Judge Mark Calhoon's    Docket for hearing on the "Agreement in Contemplation of Marriage".    Mary Page Soard and Sheila Smith, were Co-conspirators with Doran to extort property from John R. Soard.

| Amendment Violated | Violation and Source location |
|---|---|
| IV | Seized control of property individually and solely owned by John R. Soard Real Property- All Property located at 2201 N. Jackson Street, Palestine, TX Investments-$1,977,676.88 -Solely and separately by John Soard since 1984<br><br>Evidence -Page 111 and 115 of Clerk's Record |
| VI | Refused to have hearing on May 18, 2011 concerning Original Petition for Divorce was filed on March 11, 2011,( 67 days ago, Doran acknowledged ripe for hearing) Doran did not require Mary Soard to provide a copy of the "AGREEMENT in CONTEMPLATION OF MARRIAGE" to identify Mary's separately owned property and refused to accept a copy of the "AGREEMENT" from John Soard as evidence for the solely owned propertyof John R. Soard on June 15, 1993.<br><br>Evidence- "AGREEMENT" page 95 through 106 of CLERK'S RECORD<br>        Violations Reporter's Record Dated July 15 2011 for hearing on May 18, 2011 |
| VI | The Court denied John Soard the right to a lawyer when he requested one after the Court refused to hear the Petition filed on March 11, 2011, the only one ripe for hearing. Several minutes of the discussions concerning why the petition was not heard were omitted from the Reporter's Record.   On another time when discussions were omitted, the Reporter said the Judge told her to go off the record.   I assume that is what happened here.<br><br>Evidence: Asked for time to get a lawyer Page 5 of Reporter's Record dated July 15, 2011<br>        Judge refused by turning hearing over to Ms. Smith on Page 6 |
| VIII | The Court in essence required John Soard to post bail of $377,564 when he seized this amount of cash from John Soard and denied him access to it for any reason without the consent of the Court. Later delegated this authority of Court to Attorney Smith |

Evidence: Reporter's Record Dated July 15, 2011

VIII      Cruel and unusual punishment was inflicted on John Soard when the Court ordered him to live on $37.00 per month while denying him access to $377,564 of his separate owned cash. Terry Thorn implied he had gotten permission to not pay the $750.00 per month spousal support ordered by the Court. Therefore, John Soard had $787.00 per month until Thorn resigned. Even with $787.00 per month John Soard was unable to pay his monthly dues on a vacation plan and a Thousand Trails membership therefore lost these. He was unable to buy his medicines that the doctors said he needed. Apparently this was only an agreement by the attorneys because Ms. Smith filed contempt of Court against John Soard for spousal support, 2 days before Thorn resigned and received by John Soard about 12 days after he resigned.

Evidence: Reporter's Record dated July 15, 2011

Doran finally listened to evidence that income of Mary Soard was understated several thousand dollars while under oath (perjury) but still ordered $3,000 payment. B. Jeffery Doran said a formal motion had to be presented to him for his to consider perjury!

Evidence: Reporter's Record dated October 31, 2011.

**ACCORDING TO SECTION VI TO THE CONSTITION OF THE UNITED STATES OF AMERICA; EACH AND EVERY JUDGE AND EXECUTIVE OFFICER OF TEXAS THAT HAS REFUSED TO ENFORCE THE COMPLIANCE WITH THE BILL OF RIGHTS OF THE CONSTITUTION ARE IN VIOLATION OF THE CONSTISTSUTION OF THE UNITED STATES OF AMERICA.**

B. Jeffery Doran stated he was not obligated to abide by the Constitution of the United States of America or any agreement for the parties for the next couple of months as the statutory period is running. (Page 10 of RR dated 15 day of July, 2011.)

Letters are attached showing agreement with Doran," A Texas Judge or State Executives is not required to abide by or enforce **THE CONSTITUTION OF THE UINITED STATES."**
     The Governor of Texas
     The attorney General of Texas
     The Board of Disciplinary Appeals
     State Commission on Judicial Conduct

ARTICLE V1, OF THE CONSTITUTION SAYS, "THEY SHALL BE BOUND BY OATH OR AFFIRMATION TO SUPPORT THE CONSTITUTION OF THE UNITED STATES

# EXHIBIT 1V

PAGES FROM REPORTER'S RECORD REFERENCED IN LETTER

1

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. CCL-11-13178

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | ) | IN THE COUNTY COURT |
| | ) | AT LAW |
| MARY ELLEN SOARD AND | ) | |
| JOHN ROBERT SOARD | ) | ANDERSON COUNTY, TEXAS |

# ORIGINAL

------------------------------

TEMPORARY HEARING

------------------------------

On the 18th day of May, 2011, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Jeff Doran, Judge presiding, held in Palestine, Texas:

Proceedings reported by machine shorthand.

evidence and procedure --

MR. SOARD: If this is the to discuss the *My Property* validity, I'm prepared to.

THE COURT: I'm not sure what that refers to, but I want you to know that I have to hold you to the same standard --

MR. SOARD: Okay. I guess what I'm saying --

THE COURT: No, sir. Stop, please.

MR. SOARD: Okay.

THE COURT: The way we work here is that I tell people when they can talk. When it's your turn, I'll let you know. I'm trying to explain something to you that's important that you understand. The rules that govern my conduct require me to hold you to the same standard of the knowledge of the rules of evidence and procedure and substantive law that I do the attorneys, and it's not likely you are going to know any of those things, and that's going to create a serious disadvantage for you. Do you understand that?

MR. SOARD: I understand that.

THE COURT: Understanding that, do you still want to proceed today and represent yourself?

MR. SOARD: It would depend on whether I could put it off in time to attempt to find an attorney.

THE COURT: Let's wait just a minute. So

what are you asking for?

MS. SMITH: Shall I tell the Court what we're asking for today, so he can hear what we're asking for?

THE COURT: Sure, uh-huh.

MS. SMITH: Basically, Your Honor, this couple has been married a good while. I believe this gentleman owns several houses, and she has been residing in the house in Palestine. We'll show in the last months, he would make a visit or two down here to go to the doctor.

We're just asking that she be given exclusive possession, just temporarily, not awarded in any way, of the 2201 North Jackson with the contents and her '09 Chrysler; and he be given exclusive possession of all the other residences, especially 38 Delsey, where he resides, his '09 Pontiac, his Saturn, his diesel Ford, his RV, and she's agreed he could have a desk, a computer desk, and a chair.

We're asking him to keep her on the health insurance, enter a mutual injunction on freezing all monies and funds, and set up that we have an inventory and appraisement, and all the discovery that he would like to do. So just kind of freeze things at the time and keep the status quo.

MR. SOARD: The primary thing I would

and that rent goes into an account that's in her name.

MR. SOARD: Yes, but I think because the property would be a joint property, it's funded by joint property, then the account becomes joint.

THE COURT: Well, here is the -- the Court's position, and that is everything that either party has any interest or access to would be subject to the injunctive relief, whether it's specified or not, and part of the process over the next couple of months as the statutory period is running, will be to figure out what those are.

MR. SOARD: This account would be frozen automatically?

THE COURT: It would be included. Anything that either party owns any interest in or has any access to or any control of would be subject to it.

MS. SMITH: She's showing me a bill, Your Honor, that they have gotten to fix the roof of the house she lives --

MR. SOARD: Estimate.

MS. SMITH: Estimate of the house. She's here. I believe you are aware of this, that there's roof problems. What other account were you speaking of?

MR. SOARD: Well, it's an account that was my account and, oh, probably a year and a half ago I sold a Toyota Prius here in Palestine and because of that money I

negotiation that the stock market can probably get real wild.

MS. SMITH: The only other issue we have, Your Honor, is her income runs about 1500, and I believe his income is maybe quadruple that. We were asking for 750 in spousal support just during this temporary.

MR. SOARD: I would object because I think that's, again, contradictive to the premutually agreement *agreement in contemplation of marriage* that Mary readily signed in order to get me to marry her so she could get on my insurance. We actually lived together about a year before this premutual agreement was signed, but if I have to pay her $750 a month, because she can't make a living for herself, she sold much of her property and I have no idea where the money is, whether she reinvested it or what.

THE COURT: Well, at this point I'm really not taking evidence because no one is under oath, but if there is an agreement, I'll consider approving the agreement. If there's not an agreement, we'll have a hearing and I'll take evidence on it.

MS. SMITH: We're asking if you will agree that she have exclusive possession of the property here, that means you can't come and go or take anything out.

MR. SOARD: Okay. I think -- I do have to come down here very often to go to the doctor. I have got

A. $804, I believe it is.

Q. Okay. And then you get -- you have a note coming in on a property in Houston that's how much?

A. 548. That's almost over.

Q. Okay. That's -- but it's --

A. I owner-financed my home.

Q. And then you have got two little amounts that come in?

A. Right. I have two little pensions; one for 154 and one for 172.

Q. Okay.

A. $100.72.

Q. Okay. You have got approximately $1,500 coming in; is that correct?

A. Yes.

Q. Is that correct?

A. I haven't added it, but if you say so.

Q. Well, we added it in my office, didn't we?

A. Yeah.

Q. So when you pay the electric, the water, your food and everything here, that doesn't quite stretch with today's gas, does it?

A. Well, not -- no.

Q. So are you asking this Court, just while the temporary is going on, for Mr. Soard to pay you 750 a

**Misty McAdams, CSR**

Official Reporter - Anderson County Court At Law
500 North Church Street #11 Palestine, TX 75801
903.723.7469 * mmcadams@co.anderson.tx.us

with him staying tonight, because it's a long way back to Arkansas in the morning.

THE COURT: And I'll -- just in terms of reaching the final hearing on this quickly, the -- that is -- well, it's going to be -- it is ripe for hearing now, isn't it? It's been 60 days.

MS. SMITH: I don't know when she filed this pro se, Your Honor, but we have got to do discovery. This is an uninformed spouse.

THE COURT: I understand that. There were actually two?

MS. SMITH: She filed pro se.

THE COURT: They were both filed the same day in March, March 11th.

MS. SMITH: What do you mean two?

THE COURT: There's one that's filed in the 3rd and one that's filed in CCL.

MS. SMITH: They -- they made a mistake and they took that one in the 3rd off.

THE COURT: Yeah, that's -- I have got both docket sheets.

MS. SMITH: Okay. How strange.

THE COURT: But let me just explain so the parties know this. The sooner you get the information exchanged and the discovery is complete, the more you are

THE STATE OF TEXAS    )

COUNTY OF ANDERSON    )

I, Misty McAdams, Official Court Reporter in and for the County Court at Law of Anderson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the requested portion of evidence and other proceedings requested by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of the Reporter's Record is $ 124.00 and will be paid by _Mr. John Sward_.

WITNESS MY OFFICIAL HAND this the 15 day of July, 2011.

_Misty McAdams, CSR_
MISTY MCADAMS, Texas CSR #5682
Expiration Date: 12.31.12
Official Court Reporter
County Court At Law
Anderson County, Texas
500 North Church #11
Palestine, Texas  75801
903.723.7469

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. CCL-11-13178

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | ) | IN THE COUNTY COURT |
| | ) | AT LAW |
| MARY ELLEN SOARD AND JOHN ROBERT SOARD | ) ) ) | ANDERSON COUNTY, TEXAS |

--------------------------------------

FINAL HEARING
&
HEARING ON MOTION FOR ENFORCEMENT
&
ORDER TO APPEAR
--------------------------------------

# ORIGINAL

On the 17th day of October, 2011, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Jeff Doran, Judge presiding, held in Palestine, Texas:

Proceedings reported by machine shorthand.

through the Court for proof, and I didn't know if this was supposed to do that or what. And he said, Just wait until the report was signed, and it should say.

But on May 31st, I went ahead and wrote the check, sent it to Mr. Thorn, and told him it would be in Palestine whenever he finds out something, that Mary could pick it up there. And then a little bit later on, I told him that we definitely needed to appeal this case, because it was full of errors. He said he couldn't appeal it because it was a temporary order, but if there was anything false, that Ms. Smith should correct those on her own, if it was made to the Court.

Ms. Smith says that's not true. I don't know which one is correct. Now on the errors, Mary and Ms. Smith submitted as her income: Social security of $804, house note, 548; a pension, 154; and a pension, 172; for a total of $1,500.

And then you want to talk about how hard it was for Mary to get a loan on that $1,500. Well, I went back and added that. That actually ads to $1,678. $178 more than they said. And then we spent about three pages then talking about my rental property, and I knew Mary had rental property that they didn't even mention, that they just left out.

So I added the rental property from the May

in hers. It was about $100. I don't know for sure what it is. What I have mostly for support is the note that Mary sent me to prepare the income tax, and the rent wasn't very clear. Then also I noticed that the social security was actually $10,806, a little over a thousand dollars more than they reported.

So that would have been another $97 a month. And then she had dividend income, that I would have paid tax on $2486. It was $207 a month. Then interest of 137 and a half plus 3.65 for $95 a month. So she actually had income of $2,182.

Ms. Smith, first, said that mine was four times her's or 6,000 and then she reduced it to 3600, after the items that was listed in the hearing, that I adjusted the total rent received -- that's all I knew off the top of my head, not the income -- to the income, plus my house note, for the return of capital. I actually had $2,400.

Now, after I paid the ordered expenses of a thousand dollars, which is really pretty reasonable -- a lot of people pay that much just for medical insurance -- I would have had $1,400 left. Now, after I pay Mary the $750, I have 650 and after Mary receives it, she's got $2,932. Now, if that's equitable, I have got the cashier's receipt here. I'll tear my page off, and

ᴠe any basis --

MS. SOARD: As I say, I had a bad lawyer.

THE COURT: Well, I'm not being critical of
I'm just saying that --

MS. SOARD: I'm just saying I have taken Mr.
dvice, and I actually assumed whenever he told me
Smith was responsible for changing false
on, that after he gave her these wrong areas,
changed it, because I heard nothing else. And
hadn't been cashed until September the 21. It
ssed to me, even though Mr. Thorn had not
ᴠ resigned until the 23rd.

THE COURT: All right. Well the rules that
conduct --

MS. SOARD: Okay.

THE COURT: -- require -- will you listen for
ᴇnt, please, sir? The rules that govern my
ᴊuire that the jurisdiction of the Court be
certain ways, and one of the ways -- what you
to do is modify the previous order of the
ᴠ not permitted to do that unless it's raised in
ᴌlowed to recognize it.

And if you think about it, it will probably
to you. You don't want people having the
ᴐ just change things because they don't like

THE STATE OF TEXAS )

COUNTY OF ANDERSON )

I, Misty McAdams, Official Court Reporter in and for the County Court at Law of Anderson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the requested portion of evidence and other proceedings requested by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of the Reporter's Record is $102.00 and will was be paid by Mr. John Soward.

WITNESS MY OFFICIAL HAND this the 31 day of October, 2011.

MISTY McADAMS, Texas CSR #5682
Expiration Date: 12.31.12
Official Court Reporter
County Court At Law
Anderson County, Texas
500 North Church #11
Palestine, Texas  75801
903.723.7469

## CERTIFICATE OF SERVICE

I certify that a true and correct copy was sent to all atttorneys of record by certified mail, Return Recept Requested on March 18, 2015.

Mr. Michael A. Yanof,700 North Pearl Street, Suite 2500,  Dallas, TX75201

Mary Page,  2201 North Jackson Street,  Palestine, TX 75803

Sheila Smith, P. O.  Box 10, Frankston, TX  75763

Mr. Terrance Gorman,  1021 ESE Loop 323, Suite 200,  Tyler, TX 75701

John R. Soard

1